57 CCPA

**The SINGER COMPANY, Appellant,**

v.

**UNISHOPS, INC., Appellee.**

**Patent Appeal No. 8266.**

United States Court of Customs
and Patent Appeals.

March 5, 1970.

Chester A. Williams, Jr., New York City, Lido L. Puccini, attys. of record, for appellant. Edward L. Bell, of counsel.

Charles Sonnenreich, New York City, for appellee.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

FORD, Judge.

The Singer Company appeals from the decision of the Trademark Trial and Appeal Board [1] dismissing its opposition brought under section 13 of the Lanham Act (15 U.S.C. § 1063) to the registration [2] by Unishops, Inc. of "Slingers" for "Mens' and Boys' Jeans."

Singer's oposition is predicated on its prior registration [3] and use of "Singer"

---

1. Reported at 154 USPQ 492.

2. Application Serial No. 213,069, filed March 1, 1965, asserting first use in commerce on January 15, 1965. The mark appears in the application in a printed "rope" type, as shown below:

[A1288]

3. Registration No. 786,974, of March 23, 1965, asserting first use for piece goods in April 1952. The following findings of the board are not controverted:

\* \* \* opposer has used "SINGER" as a part of its trade name since as early as 1948 in connection with the sale of fabrics of various kinds, including denim and duck fabrics which are suitable for use in making jeans. Since at least as early as 1963, opposer has also used "SINGER" as a trademark for its fabrics. Opposer's fabrics are marketed throughout the United States in more than 600 retail stores operated by opposer under the trade designation "SINGER CENTER"; its sales thereof for the years 1961 through 1965 amounted in value to more than $34,000,000; and its fabrics have been promoted primarily through advertisements in newspapers.

It further appears that applicant, since about January, 1965, has used the mark "SLINGERS" for western type jeans which are marketed exclu-

in connection with the sale of numerous products including, inter alia, "textile piece goods suitable for wearing apparel, household furnishings, draperies and other uses." Singer believes it will be damaged by the registration sought by Unishops because, in its view, "Slingers" so resembles the trademark and trade-name "Singer" as to be likely, when applied to the goods of applicant, "to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1052(d).

The board thought otherwise, concluding:

> * * * opposer's mark "SINGER" is a commonplace surname and a dictionary term of many meanings. Applicant's mark "SLINGERS" is likewise a dictionary word having several meanings none of which is in any way similar to any meaning of opposer's mark. While there is some similarity between the marks in sound and appearance, it is not believed that these features of similarity are so marked as to outweigh the differences between them in meaning or to give rise to a reasonable likelihood of purchasers being confused, deceived, or mistaken as to origin of applicant's goods. * * *

Appellant's arguments, to the effect that the board mistakenly over-emphasized the difference in meaning between the marks and erroneously minimized the similarity of the marks in sound and appearance, do not convince us of error in the decision below. Considering the respective marks in their entireties, including their appearance, sound and meaning, there is not sufficient similarity in sound and appearance as would, in our view, require a different result. Nor is there sufficient doubt in our minds on the question of likelihood of confusion as would justify resolving it in favor of the prior user. We are satisfied that consumers familiar with Singer's stores and merchandise would not, on encountering mens' and boys'

sively through approximately 165 retail outlets leased in discount department

jeans sold under the mark "Slingers," be likely to assume by reason of confusion, mistake or deception that a common origin of the goods existed.

The decision is affirmed.

Affirmed.

stores by subsidiary corporations of applicant.